*Johnson,* for appellants.
*Muir & Wickliffe,* for appellees.

---

DANIEL CRIDER *v.* R. L. COBB, &c.

CHAS. ANDERSON *v.* R. L. COBB, &c.

**Deeds—Error in Description—Differs from Patent—Mistake—Possession.**

The boundary of land described in the deed differs essentially from those described in the patent, but the size of the tract, the water course upon which it lies, the land it adjoins and the further fact that it is described as the same land covered by the patent, tends to establish the conclusion that the intention was to convey all the land embraced in the patent.                                                    (

APPEALS FROM LYON CIRCUIT COURT.

January 3, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

Although the boundaries of the land described in clause No. 10 of the deed from C. C. Cobb to Cobb, Bell & Co. differ essentially from those described in the patent to John Scott, there can be no doubt entertained but that the land conveyed was the two hundred acres patented by said Scott.

The side of the tract, the water course upon which it lies, the lands it adjoins, and the further fact that it is described as the same land conveyed by John Scott to C. C. Cobb & W. B. Machen, all tend to establish this conclusion. The appellant Crider was therefore properly adjudged to surrender his possession. He was also properly denied compensation for his improvements.

He had no reason to believe himself the owner of the land in question. He must have known at the time he made his entry and took out his patent, that the land had already been patented to Scott, and he was equally as well apprised as to the character of the title he bought from his vendor Hunter. He does not deny

that all the lands held by him were embraced within the patent of Scott.

This was not an action to recover under an adverse interfering entry survey or patent, but under an older patent covering all the lands embraced by the junior patents. Besides this, the junior patents were taken out with knowledge of the fact that the lands were covered by the older. They must be treated as void. The seven years limitation law, does not apply in such a case..

The judgment as to Crider must therefore be affirmed. The answer and cross petition of Anderson charges substantially that the land in controversy was sold by R. S. & G. D. Cobb, surviving partners of the firm of Cobb, Bell & Co. to Kelly & Co., and that they intended to convey the same by their deed to the latter firm; that the land was considered part of the Swannee furnace land, and was intended to be conveyed, and that it was improperly described or omitted through the mistake of the draughtsman, Glenn. That Kelly & Co. took possession under their purchase in 1846, and that the Cobbs recognized their title, and asserted no claim until this suit was instituted, in 1868.

The Cobbs deny these charges in general terms, but do not deny that the tract in controversy was omitted from their deed to Kelly & Co. through the inadvertence of the draughtsman, Glenn. The evidence shows that the Kellys did exercise control over the land from the time of their purchase from Cobb, Bell & Co., in 1864, up to the time of their assignment in 1858. It also shows that during this time Cobbs not only did not assert claim to the same, but spoke of it as belonging to Kelly & Co., and stated that they owned no lands in that neighborhood. The mistake of the draughtsman of the deed can readily be accounted for by the mistake as to the boundaries of the tract as given in the deed from Cobb to Cobb and Machen. Without further analyzing the testimony, we are satisfied that this land was sold by Cobb, Bell & Co. to Kelly & Co., and omitted from their deed by mistake. Anderson, who held under the latter and who had been brought into court by Cobbs, had the right in this action not only to assert his claim, but to have such relief against them as will quiet his title.

It was not necessary that Anderson should have exhibited the suit of Wadlington & Others vs. Kelly & Co. The Cobbs allege

in their amended petition that there had been such a proceeding that Anderson held title by a deed from a commissioner of the court made in execution of its payment.

The deed is exhibited, and appears to have been approved and certified for record. In the absence of evidence to the contrary we must presume that the proceedings of a court of competent jurisdiction were sufficiently regular to invest Anderson with the title of the Kellys.

The question cannot be raised here for the first time, that the Kellys were necessary parties to the litigation between the Cobbs and Anderson. This objection should have been made in the court below by demurrer to the cross petition.

The judgment of the circuit court dismissing Anderson's petition is reversed and the cause remanded with instructions to adjudge to Anderson the possession of the tract of land, and to quiet his title thereto, and for other proper proceedings.

*Scott, J. G. Husbands, for Anderson.*
*Marble, for appellee.*